Holmes

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 9 2004

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JUDY CAMPBELL                                              Plaintiff

v.                            5:03CV00351 JLH/JFF

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                   Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Plaintiff, Judy Campbell, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v.

13

Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on degenerative disc disease in the neck and back, allergies, sinusitis, asthma and mitral valve prolapse. (Tr. 112) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through April 18, 2003, the date of his decision. (Tr. 18-19) On September 3, 2003, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 6-8) Plaintiff then filed her complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds

2

that the decision of the Commissioner is not supported by substantial evidence and that the case should be remanded.

Plaintiff was 51 years old at the time of the hearing. (Tr. 24) She is a high school graduate. Id. She has past relevant work as a cashier, waitress and bakery owner. (Tr. 13, 103-07, 113)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b). If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. Id., § 404.1520(c); see 20 C.F.R. § 404.1526. If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. Id., § 404.1520(d). If so, benefits are awarded; if not, the evaluation continues.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. Id., § 404.1520(e).[1] If so, benefits are

---

[1] In regulations that became effective September 25, 2003, the Social Security Administration amended and clarified certain aspects of the sequential evaluation process in ways not material to this opinion.

3

denied; if not, the evaluation continues.

Step 5 involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. Id., § 404.1520(f). If so, benefits are denied; if not, benefits are awarded.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. (Tr. 17) He found that Plaintiff had "severe" impairments, moderate degenerative disc disease of the cervical spine, a compression deformity at T7, lumbar spine disease, chronic headaches and mild mitral and tricuspid regurgitation (Tr. 14), but that she did not have an impairment or combination of impairments that met or equaled a Listing (Tr. 14, 17). He judged that her allegations regarding her limitations were not totally credible. (Tr. 18)

The ALJ found that Plaintiff retained the residual functional capacity for a significant range of light work. Id. He recognized that she was unable to perform any of her past relevant work. Id. The ALJ correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work. (Tr. 16)

The ALJ applied Plaintiff's vocational profile and the residual

---

20 C.F.R. § 404.1520(e) and (f) were redesignated 20 C.F.R. § 404.1520(f) and (g), respectively. 68 Fed. Reg. 51153, 51161-62 (August 26, 2003).

4

functional capacity which he had found, and established that Rule 202.14, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a finding of not disabled. (Tr. 18) Because Plaintiff could not perform a full range of light work, the ALJ used the rule as a framework for his decision. Based upon the testimony of a vocational expert, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, cashier II and product assembler. Id. Consequently, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff contends that the ALJ did not discuss the factors required by Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). (Br. 6-7) The ALJ cited Social Security Ruling 96-7p and 20 C.F.R. §§ 404.1529 and 416.929. (Tr. 15) That ruling tracks Polaski and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), and elaborates on them.

> Factors relevant to your symptoms, such as pain, which we will consider include:
> (i) Your daily activities;
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3) (2002).

Although the ALJ could have elaborated on his discussion of the factors that he considered in judging Plaintiff's credibility, his discussion is minimally adequate. If an ALJ discredits a claimant's

5

credibility and gives a good reason for doing so, a court will defer to the ALJ's judgment even if every <u>Polaski</u> factor is not discussed in depth. <u>Dunahoo v. Apfel</u>, 241 F.3d 1033, 1038 (8th Cir. 2001).

Plaintiff also contends that the ALJ ignored the limitation imposed by Shailesh C. Vora, M.D., that Plaintiff should lift no more than ten pounds. (Br. 7) Plaintiff's point is well taken. On three occasions in July and August of 2002, Dr. Vora did make such a recommendation. (Tr. 170, 173, 177) Plaintiff mentioned that fact in her testimony. (Tr. 37)

The ALJ found that Plaintiff could engage in light work activity. (Tr. 16, 18) Light work is defined as follows:

> *Light work.* Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (2002).

It may be that Dr. Vora's lifting restriction was not permanent, but the ALJ's determination that Plaintiff could perform light work is not supported by substantial evidence in the record. Therefore, the ruling of the Commissioner should be reversed and the matter remanded for a reevaluation of Plaintiff's residual functional capacity.

THEREFORE, it is hereby

RECOMMENDED that the final determination of the Commissioner be

reversed and that this case be remanded to the Commissioner for further proceedings consistent with this opinion. The remand would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991).

DATED this 10th day of December, 2004.

_____
UNITED STATES MAGISTRATE JUDGE



# United States District Court

EASTERN DISTRICT OF ARKANSAS
U.S. COURTHOUSE
600 WEST CAPITOL AVENUE, SUITE 553
LITTLE ROCK, ARKANSAS 72201-3325

JOHN F. FORSTER, JR.
UNITED STATES
MAGISTRATE JUDGE

(501) 604-5190
FAX (501) 604-5378

December 10, 2004

Mr. Todd Gray Cockrill
Nussbaum, Hendrix, Trussell
  & Cockrill, P. A.
P. O. Box 34117
Little Rock, AR 72203-4117

                     Re:    Judy Campbell v.SSA
                              Case No: 5:03cv00351 JLH/JFF

Dear Mr. Cockrill:

     Attached is the recommended disposition of this case, which has been prepared by this office and submitted to United States District Judge J. Leon Holmes.

     Any party may serve and file written objections to this recommendation. Objections should be specific, and should include the factual or legal basis for the objection. An original and one copy of your objections must be filed with the United States District Court Clerk in Little Rock, Arkansas, no later than eleven (11) days from the date of this letter. A copy should also be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

     The district judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

                                            Very truly yours,

                                            John F. Forster, Jr.
                                            United States Magistrate Judge

JFFjr:aw
Enclosure
cc:     The Honorable J. Leon Holmes, United States District Judge
        Ms. Stacey Elise McCord, Assistant U. S. Attorney
        File