IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JUDY CAMPBELL                                                    PLAINTIFF


v.                              NO. 5:03CV00351 JLH/JFF


JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                         DEFENDANT


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

This recommended disposition has been submitted to United States District

Judge J. Leon Holmes. The parties may file specific written objections to these

findings and recommendations and must provide the factual or legal basis for

each objection.  An original and one copy of the objections must be filed with the

Clerk no later than eleven (11) days from the date of the findings and

recommendations.  A copy must be served on the opposing party.  The District

Judge, even in the absence of objections, may reject these findings and

recommendations in whole or in part.

### DISPOSITION

Plaintiff has filed a petition for attorney's fees pursuant to the Equal Access to

Justice Act (EAJA), 28 U.S.C. § 2412.   Plaintiff's counsel requests attorney's fees in the amount of $2,150.00, "together with any current cost of living increase."   In response to Plaintiff's petition, Defendant states that she does not object to Plaintiff's request for EAJA fees.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees, costs, and expenses, unless the position of the Commissioner in denying benefits was "substantially justified" or special circumstances make an award unjust.  28 U.S.C. § 2412(a)(1), (b), & (d)(1)(A).   "The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

On January 5, 2005, this Court entered judgment in favor of the Plaintiff and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Accordingly, Plaintiff is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 301-302 (1993).  The Magistrate Judge finds that the position of the Commissioner was not substantially justified and that no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).  Plaintiff has requested an attorney's fee in the amount of $2,150.00 (17.20 hours at a rate of $125 per hour), "together with any current cost of living increase." However, Plaintiff has not submitted proof of an increase in the cost of living.  Accordingly, Plaintiff is not entitled to an enhanced hourly

rate based upon an increase in the cost of living.  See Johnson v. Sullivan, 919 F.2d 503, 504 (8th Cir. 1991) (a district court, upon proper proof, may increase the EAJA hourly rate to reflect an increase in the cost of living).

The Magistrate Judge finds that the hours expended by Plaintiff's attorney and the hourly rate of $125 are reasonable. Accordingly, the Magistrate Judge recommends that Plaintiff's attorney be awarded an attorney's fee in the amount of $2,150.00 (17.20 hours x $125) pursuant to the EAJA and that the Defendant be directed to certify said award and pay the Plaintiff's attorney this amount.

THEREFORE, the Magistrate Judge recommends that Plaintiff's attorney be awarded an attorney's fee in the amount of $2,150.00 pursuant to the EAJA and that the Defendant be directed to certify said award and pay the Plaintiff's attorney this amount.

Dated this 19th day of September, 2005.

_____
UNITED STATES MAGISTRATE JUDGE